Opinion issued October 8, 2009 

 




 







In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00416-CR

____________


JAY DEE SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 428041






MEMORANDUM OPINION


 In 1985, appellant, Jay Dee Smith, pleaded guilty, without an agreed
punishment recommendation from the State, to the offense of aggravated sexual
assault. At a subsequent sentencing hearing, the trial court assessed punishment at
eighty years' confinement. This Court affirmed appellant's conviction. See Smith v.
State, No. 01-86-00076-CR, 1986 WL 11166 (Tex. App.--Houston [1st Dist.] Oct.
9, 1986, no pet.) (not designated for publication). In 2004, appellant filed a motion
for post-conviction DNA testing, which the trial court denied for reasons reflected in
its findings of fact and conclusions of law. In his sole point of error, appellant
contends that the trial court erred in denying his motion for post-conviction DNA
testing based on its finding that identity had not been an issue in the case. We affirm.

BACKGROUND


 Appellant pleaded guilty, without an agreed punishment recommendation from
the State, to the aggravated sexual assault of Rhonda Haight by penetrating her
female organ. Appellant waived a record at the plea proceeding. At the subsequent
punishment hearing, a record was made, but little from that record was admitted at the
hearing on appellant's post-conviction motion. However, from our earlier opinion
(which the trial court noted summarily in its findings of fact), we know that the
evidence admitted at punishment included

 appellant's testimony that he had found the complainant floating
in a pool, already dead, and that he had dragged her body away
and sexually abused it in various ways and


 testimony from the medical examiner that the complainant had 
not died from drowning, but instead from strangling, and that the
injuries to her body were made while she was alive.


Id. at *2-3. We noted that "[t]he appellant's defensive theory, which was argued by
counsel at the sentencing hearing, but not at the plea hearing, was that he performed
the sexual assault on a corpse. . . ." Id. at *3 (emphasis added).

 In January 2004, appellant filed a pro se motion for DNA testing. See Tex.
Code Crim. Proc. Ann. art. 64.01(a). In denying the motion, the trial court made the
following relevant findings of fact:

 8. The Court finds, based on the exhibits submitted pursuant to the
applicant's motion, that the applicant admitted to sexually
assaulting . . . the complainant. . . .


 9. The Court finds, based on the exhibits submitted pursuant to the
applicant's motion for post-conviction DNA testing, that the
defendant fails to show that identity was or is an issue in the
instant case. . . .


 . . .


 11. The Court, based on the applicant's failure to meet the
requirement of art. 64.03(a)(1), finds in the negative the issues
listed in art. 64.03(a)(1).


 12. The Court finds that the applicant fails to meet the requirement of
Tex. Code Crim. Proc. art. 64.03(a)(2), concerning his burden
of proof.


The trial court entered one conclusion of law: "The Court, based on its negative
finding of the issues listed in art. 64.03(a)(1) and its finding that the applicant failed
to meet the requirements of 64.03(a)(2), DENIES the applicant's request for DNA
testing."

DENIAL OF POST-CONVICTION DNA TESTING

 In a single point of error, appellant contends that "[t]he trial court erred in
finding . . . that the appellant admitted the charged offense" and thus that identity was
not an issue in the case.

A. Standard of Review

 We review a convicting court's denial of post-conviction DNA testing under
a bifurcated standard of review. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App.
2002). "Reviewing courts defer to a trial judge's findings of fact when they are
supported by the record." Esparza v. State, 282 S.W.3d 913, 921 (Tex. Crim. App.
2009). "They also defer to a trial judge's application of law to fact questions when
those questions turn on credibility and demeanor." Id. "Finally, pure legal issues are
given a de novo review by appellate courts." Id.

B. Governing Law

 Texas Code of Criminal Procedure article 64.03 provides, in pertinent part, that
"[a] convicting court may order forensic DNA testing under this chapter only if: . . .
the court finds that: . . . identity was or is an issue in the case . . . ." Tex. Code Crim.
Proc. Ann. art. 64.03(a)(1)(B) (Vernon 2006).

C. Discussion

 Appellant contends (1) that the statute precludes relying solely on his guilty
plea to find that identity was not in issue; (1) (2) that two statements that he gave to
police indicate only that he attempted penetration, not that it actually occurred; and
(3) that the sexual contact that he had with Haight's body occurred after she was
dead, so that his offense was abuse of a corpse, not aggravated sexual assault.

 Appellant's statements, like his arguments here and at his punishment hearing,
show that he at least attempted vaginal intercourse with Haight, but that she was dead
at the time. This does not place identity at issue because it does not deny that
appellant was the assailant: rather, it concerns whether he committed sexual assault
or merely attempted it and whether Haight was alive at the time. The record thus
supports the trial court's ruling that appellant failed to show that identity was an issue
in the case. See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B). We thus hold that
the trial court did not err in overruling appellant's motion for post-conviction DNA
testing. See id. art. 64.03(a)(1)-(2) (providing that cited requirements are in
conjunctive, not disjunctive). 

 We overrule appellant's sole issue.


CONCLUSION

 We affirm the order of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. See Tex. R. App. P. 47.2(b).
1. "A convicted person who pleaded guilty or nolo contendere in the case may submit
a motion under this chapter, and the convicting court is prohibited from finding that
identity was not an issue in the case solely on the basis of that plea.
" Act of Apr. 3,
2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3, amended by Act of May
24, 2007, 80th Leg., R.S. ch. 1006, § 4, 2007 Tex. Gen. Laws 3523, 3524 (current
version at Tex. Code Crim. Proc. Ann. art. 64.03(b) (Vernon 2006)).